UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
BLAKE WINGATE,
:
                        Plaintiff,                       05 Civ. 1872 (LAK) (DF)
:
           -against-                            **REPORT AND**
                                             :      **RECOMMENDATION**
CORRECTION OFFICER GIVES, et al.,
:

                        Defendants.    :
------------------------------------------------------------------X

**TO THE HONORABLE LEWIS A. KAPLAN, U.S.D.J.:**

*Pro se* Plaintiff Blake Wingate ("Plaintiff") has filed a motion dated May 7, 2008, entitled "Request for Confer[e]nce, Schedule, Default Judgment." (Dkt. 87.) Yet despite the reference in this title to a request for a "default judgment," nothing in the motion specifies those defendants (of the 32 initially named) against whom Plaintiff is seeking a default judgment. Nor does the motion provide any information demonstrating that particular defendants were duly served with process and failed to appear. In fact, nothing in the body of the motion even mentions Plaintiff's request for a default judgment; rather, the entirety of the motion, as written, appears directed to a request that the Court hold a conference to address the scheduling of discovery and related matters.

On May 21, 2008, this Court held a telephone conference with Plaintiff and counsel for those defendants who have appeared in this action. At the conference, the Court explained to Plaintiff that a motion for a default judgment must be specific in naming the defendants as to whom a default is requested, and that it must be properly supported. The Court further informed

1

Plaintiff that, under the circumstances, it would recommend that his motion for a default judgment be denied without prejudice to renew, upon a proper application.

Accordingly, I respectfully recommend that, to the extent Plaintiff's "Request for Confer[e]nce, Schedule, Default Judgment" (Dkt. 87) may be construed as seeking a default judgment against any defendant(s), it be denied without prejudice to Plaintiff's making an appropriate application under Rule 55 of the Federal Rules of Civil Procedure.

* * *

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Lewis A. Kaplan, United States Courthouse, 500 Pearl Street, Room 1310, New York, NY 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, NY 10007. Any requests for an extension of time for filing objections must be directed to Judge Kaplan. FAILURE TO OBJECT WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d

1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
May 21, 2008

Respectfully Submitted,

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Hon. Lewis A. Kaplan, U.S.D.J.

Mr. Blake Wingate
441-07-04223
Anna M. Kross Center
18-18 Hazen St.
East Elmhurst, NY 11370

Chevon Andre Brooks, Esq.
NYC Law Department
100 Church Street
New York, NY 10007